STATE OF NEW JERSEY IN THE MATTER OF VINCENT JAMES
MILITA, II, ESQ., APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted June 6, 1984—Decided June 14, 1984.

Before Judges MATTHEWS and GAULKIN.

*Vincent James Milita*, II, appellant, *pro se*.

*Katz, Bitterman & Dougherty*, attorneys for respondent Administrative Office of the Courts (*Michael L. Bitterman*, on the brief).

PER CURIAM.

Vincent James Milita, II, a New Jersey attorney, appeals from an order adjudging him guilty of contempt and ordering that he pay a $1000 fine. He raises the following issues:

POINT I.
The alleged contempt below is more properly characterized as an indirect contempt requiring the matter to proceed by order to show cause returnable before another judge.
POINT II.
The defendant lacked the intent necessary for a conviction of contempt.
POINT III.
The defendant was denied the benefit of procedural safeguards accorded to criminal defendants.

■ The contempt citation arose at a Law Division criminal trial in which Milita represented the defendant. The trial judge found that Milita had been instructed to be in court at 9:30 A.M. the following morning to resume the trial, that he was specifically instructed not to attend a scheduled appearance at the Ventnor City Municipal Court, that he "did in fact make the prohibited appearance," that he did not appear to resume the criminal trial until 10:21 A.M. and that he "unduly delayed the commencement of court proceedings by his absence." The record fully supports those findings and the trial judge's rejection of Milita's contention that he misunderstood the judge's instruction. The findings, in turn, justify imposition of sanctions pursuant to *R.* 1:2–4(a):

(a) Failure to Appear. If without just excuse or because of failure to give reasonable attention to the matter, no appearance is made on behalf of a party on the call of a calendar, on the return of a motion, at a pretrial conference or a settlement conference, or on the day of trial, or if an application is made for an adjournment, the court may order any one or more of the following: (a) the payment by the delinquent attorney or party or by the party applying for the adjournment of costs, in such amount as the court shall fix, to the clerk of the county in which the action is to be tried, or, in the Tax Court to its clerk, or to the adverse party; (b) the payment by the delinquent attorney or party or the party applying for the adjournment of the reasonable expenses, including attorney's fees, to the aggrieved party; (c) the dismissal of the complaint, cross-claim, counterclaim or motion, or the striking of the answer and the entry of judgment by default, or the granting of the motion; or (d) such other action as it deems appropriate.

■■ This administrative rule does not require an order to show cause, a proceeding before another judge or procedural safeguards of the kind accorded criminal defendants. The trial judge properly found, albeit in different words, that Milita

failed to appear at trial "without just excuse" and because of "failure to give reasonable attention" to the criminal trial; we find no abusé of discretion in the imposition of the $1000 sanction.

We direct that the February 3, 1984 order be amended to recite that it imposes sanctions pursuant to *R.* 1:2–4(a) rather than adjudges contempt pursuant to *R.* 1:10–1; as thus amended, the order is affirmed. The matter is remanded to the Law Division for entry of an appropriate amended order.